IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:01CR00212-012 SWW |
| | * | |
| DONNELL JACKSON | * | |

**Order**

Before the Court is defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that defendant is not eligible for a sentence reduction.

**Discussion**

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[2] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

the Court to consider whether to exercise its discretion to grant a sentence reduction. U.S.S.G. § 1B1.10 (a)(1).

To determine whether defendant is eligible for a sentence reduction, the Court must determine the amended guideline range "that would have been applicable to the defendant if the [crack cocaine] amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Additionally, the Court may only substitute the amended retroactive guideline, in this case § 2D1.1, and "shall leave all other guideline application decisions unaffected." *Id.*

Defendant is not eligible for a sentence reduction. His case is one in which application of amended § 2D1.1 does not change the guideline range. The base offense level for the quantity of drugs was 32, but defendant received a 2 point mitigating role adjustment pursuant to U.S.S.G. § 2D1.1(a)(3)(i), which was triggered because the base offense level was 32 and because defendant received a 2 point mitigating role adjustment pursuant to § 3B1.1. With a three point reduction for acceptance of responsibility, defendant's total offense level was 25. With a criminal history category of V, the original guideline range was 100-125 months. The Court imposed a guideline sentence of 122 months.[3]

Applying the amended version of § 2D1.1 reduces the base offense level based on drug quantity to 30. However, the lower offense level renders defendant ineligible for the 2 point mitigating role adjustment pursuant to U.S.S.G. § 2D1.1(a)(3)(i) because this adjustment applies only if the base offense level is equal to or greater than 32. After applying the other adjustments (2 points for mitigating role and three points for acceptance of responsibility), defendant's total

---

[3]The statutory term of imprisonment is not less than ten years nor more than life.

offense level remains at level 25. With no change to either his offense level or criminal history, defendant's guideline range remains unchanged.

## Conclusion

Because the determination of defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, his Motion for Reduction of Sentence (docket entry 901) is denied.

IT IS SO ORDERED this 17th day of March 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE